[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING OF DEFENDANT'S MOTION FOR CONTEMPT (JANUARY 7, 1991)
The defendant moves the court to adjudge the plaintiff in contempt for failure to carry out the orders of the court entered on December 17, 1990. At that time the court ordered the "plaintiff to prepare a temporary or partial accounting through December 31, 1990 unless a definite closing date is scheduled within the month of January, 1991. If there is a January closing then there is to be a final accounting at that time. If the plaintiff provides a temporary accounting, then payment of one-half of the net amount is to be made at that time."
A hearing having been held on the motion, the court finds: CT Page 1126
That the temporary accounting was not provided by the plaintiff to the defendant until January 15, 1991. That the temporary accounting required no complicated or unusual procedures and should not have taken more than a few days. Further, the court finds, that the plaintiff willfully failed to carry out the order of the court and is in contempt of this court.
However, the court further finds that the parties are not disposed to cooperate with one another in selling the real estate, nor in any actions regarding the real estate. The court also finds that the plaintiff submitted a proposed sales agreement to the defendant; which the defendant failed to execute, and that he failed to notify the plaintiff that the sales agreement was not going to be executed by him, nor did he inform the plaintiff of his objections to the agreement.
Thus, the court, finds that although the plaintiff is in contempt of this court, her failure to carry out its orders is mitigated by the lack of cooperation by the defendant in plaintiff's attempt to sell the property.
The defendant also alleges that there is due to him one-half of the net rental of $3,660.00. The plaintiff contends that the net amount due the defendant is $341.61. She indicates that the rental brokerage fee of $800.00 plus the expenses of maintaining the property amount to $2,976.78. The net balance being $683.22 with one-half due the defendant.
The court finds that the expenses for the rental of the property of $800.00 brokerage fee, together with the insurance, taxes, water and maintenance charges for the period from July 1, 1990, the date the plaintiff vacated the premises, to September 1, 1990, the effective date of the lease, are reasonable.
However, the court further finds that the expenses claimed by the plaintiff are not limited to the July 1, 1990 to September 1, 1990 period, but rather include expenses that the lessee is responsible for.
Therefore, the court orders that the plaintiff pay to the defendant one half of the net proceeds based upon rental income from September 1, 1990 at $800.00 per month, plus $60.00 for two months garage rental, amounting to $3,260.00; less, that proportion of the following expenses that apply to the period July 1, 1990 to September 1, 1990:
Water-sewer; taxes; and those property maintenance costs that are not included in the lease. Also, the rental broker's fee is an included expense as is the home owner's insurance premium. CT Page 1127
Therefore, defendant's motion for contempt is granted. However, the court does not enter any sanctions against the plaintiff because of the defendant's failure to co-operate with the plaintiff in disposing of the property.
Further, the plaintiff is to pay over to the defendant forthwith, one-half of the net rentals based upon the above orders of the court.
JULIUS J. KREMSKI, STATE TRIAL REFEREE